[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
This is an action for dissolution of marriage returnable to the Waterbury Superior Court.
The matter was the subject of a trial on May 29, 1998. On that date the parties appeared, each represented by counsel, and offered evidence and testimony. At the close of trial, the court made a finding that the marriage of the parties had broken down irretrievably and entered a judgment dissolving the marriage on that ground and decreeing that the parties were single and unmarried. At that time the court reserved decision regarding the other outstanding issues before the court which it now addresses.
Having considered the evidence elicited at trial and having considered the provisions of Sections 46b-81, 46b-82, 46b-84, Conn. General Statutes, as well as other relevant statutes, the court enters the following findings and orders.
The parties were married at Beacon Falls, Connecticut on June 1, 1974. They each have resided in Connecticut for at least twelve months prior to the commencement of this action and the court has the requisite jurisdiction to proceed to a judgment in this matter. The parties have three minor children, namely, Kathleen M. Kerwin, born December 2, 1981, and Kevin M. Kerwin and Kathleen E. Kerwin, born October 21, 1985.
At the time of trial, the plaintiff-wife was 46 year old and enjoyed generally good health. She is a college graduate with a B.S. degree from Southern Conn. State University in Special Education. While she worked occasionally as a substitute teacher in the Naugatuck school system, she was never employed as a teacher on a full time basis. Her employment history includes employment at First National and then at Stop Shop supermarkets for over 20 years. She is currently a deli manager in the Ansonia store. She consistently earned more than the defendant-husband. In 1994 and 1996 her earnings exceeded his by more than $12,500.00 each year. (Plaintiff Ex. 4, 5 6). In 1997 the CT Page 15168 plaintiff's income from employment, including Sunday overtime, exceeded the defendant's by approximately $19,000.00 (Plaintiff Ex. 7). Her average gross weekly income was reported to be $1028.00 which netted her $734.00 per week after allowable deductions.
At the time of trial the defendant-husband was 50 years old and in excellent health. He is a high school graduate with one year of college. The defendant has been employed by the Borough of Naugatuck as a construction inspector throughout the marriage. His financial affidavit indicates that his gross weekly income at the time of trial was $654.00, which netted him approximately $505.00 per week after allowable deductions. He testified that the pension he has with the Borough of Naugatuck will pay him $1800.00 per month at age 65, based upon his last three income years.
The testimony permitted a finding that throughout the marriage the defendant abused alcohol and on more than one occasion received medical treatment for that condition. It was a major reason for the temporary separation of the parties on at least two occasions during the marriage. There was also testimony about domestic violence. That testimony indicated that both parties, at one time or another contributed to the violence, but it was primarily due to the defendant's drinking.
The testimony regarding the finances indicated that throughout most of the marriage both parties contributed equally to the marital expenses in an amount proportionate to their respective incomes. Toward the end of the marriage, however, the plaintiff paid a disproportionate share of the expenses, including monies applied toward home equity loans which the parties incurred for debt consolidation and for an automobile.
As per the decree of May 27, 1998, the court finds that the marriage of the parties has broken down irretrievably and further finds that the defendant, more so than the plaintiff, is primarily responsible for said breakdown of the marriage.
ORDERS
The court hereby supplements the orders entered on May 27, 1998 as follows.
I. CUSTODY AND VISITATION
CT Page 15169
The parties are to enjoy joint legal custody of their three minor children, Kathleen, Kevin and Colleen with primary physical custody in the plaintiff-mother and reasonable, liberal and flexible visitation to be enjoyed by the defendant-father.
II. CHILD SUPPORT
The defendant shall pay to the plaintiff child support in the amount of $180.00 per week, which the court finds to be consistent with the guidelines as recommended.
The defendant shall maintain medical insurance for the benefit of the minor children. Any unreimbursed or uninsured necessary medical, dental, orthodontic, optical or psychiatric expenses incurred for the benefit of the minor children shall be shared equally by the parties.
III. ALIMONY
The defendant shall pay to the plaintiff the sum of $1.00 per year as periodic alimony until the earliest of the following events:
1. The death of either party.
2. The remarriage of the plaintiff
3. Cohabitation by the plaintiff, as that term is defined by statute.
4. December 21, 2003.
This obligation is non-modifiable as to its term, but shall be modifiable as to its amount as follows. If at any time during the period during which periodic alimony is payable, the plaintiff may seek to increase its amount provided she is unable to work due to illness and can substantiate that fact by competent medical evidence and testimony.
III. BY WAY OF PROPERTY DISTRIBUTION A. REAL PROPERTY
The defendant shall convey all of his right, title and interest in and to the marital residence located at 13 Harvest CT Page 15170 Lane, Naugatuck, Connecticut to the plaintiff, subject, however, to an equitable interest to be retained by the defendant in the amount of $25,000.00, which interest shall be secured by a mortgage note and deed to be executed by the plaintiff to the defendant. Said mortgage shall be paid in full upon the earliest of the following events:
1. The death of the plaintiff.
2. The sale of the premises by the plaintiff.
3. December 21, 2006.
The plaintiff shall maintain appropriate homeowner's insurance on said premises and shall use reasonable care in maintaining the fair market value of said premises during the period of said mortgage.
 B. PERSONAL PROPERTY
1. PENSIONS
(A) The defendant shall convey to the plaintiff by Qualified Domestic Relations Order twenty (25%) per cent of the value of his pension from the Borough of Naugatuck. Said conveyance shall be effectuated within 90 days of the date of this judgment.
(B) The plaintiff shall her interest in and to her pension.
2. MISCELLANEOUS PERSONALTY
The parties shall divide equally the household contents and other person effects and, except as otherwise ordered herein, each shall retain the personal property listed on their respective financial affidavits. The court retains jurisdiction over such distribution. If the parties are not able to agree upon distribution of personalty, the matter shall be referred to the Family Services office of the Waterbury Superior Court for mediation.
IV. MISCELLANEOUS ORDERS
1. LIFE INSURANCE CT Page 15171
The parties shall each maintain a policy of insurance on their life in the amount of $50,000.00 naming their minor children as the irrevocable beneficiaries of such policies of insurance.
2. DEBTS
Except as otherwise provided for herein, the parties shall each be solely responsible for the financial debts and obligations listed on their respective financial affidavits and shall indemnify and hold the other harmless for any such obligation.
3. TAXES
The parties shall annually alternate the dependency allowance for their minor children on their state and federal income tax returns.
4. COUNSEL FEES
Each party shall be responsible for their own counsel fees.
V. DISSOLUTION OF MARRIAGE
As previously adjudicated on May 29, 1998, the marriage of the parties is dissolved and they are single and unmarried.
By the Court,
Joseph W. Doherty, Judge